BARBARA DEMAREST ET AL., PLAINTIFFS, v. PALISADE REALTY AMUSEMENT COMPANY, DEFENDANT.

Argued October term, 1926—Decided February 26, 1927.

**Negligence—Injury to Patron of an Amusement Park—Held, Testimony Sufficient to Warrant the Verdict of $18,000 For Plaintiff—Held, Also, That Verdict was Not Excessive.**

On rule to show cause, Passaic county.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *William V. Rosenkrans* and *Wayne Dumont.*

*Contra, Michael Dunn* and *Michael J. Murphy.*

PER CURIAM.

The action was by husband and wife for recovery of direct and consequential damages for personal injuries to the wife. The jury returned a verdict of $18,000 in favor of the wife and $7,000 in favor of the husband.

Mrs. Demarest was injured while riding in defendant's amusement park upon a device operated by defendant, and known as "The Sleigh Ride." Each sleigh accommodated two pasesngers and was elevated on an incline by a series of cogs and wheels, and descended on runners by force of gravity. The speed on the downward glide was gradually diminished by two brakes operated by hand levers.

The plaintiffs' evidence was that Mrs. Demarest was injured by reason of failure of defendant's operator to be at his post of duty; that upon seeing the sleigh coming down, he rushed to the brake and applied the lever quickly and forcibly so as to cause the sleigh to come to a sudden stop, thereby violently throwing Mrs. Demarest forward and break-

ing the leather strap around her waist, which was used as a protection to the passenger against the forward tipping of the car.

The defendant's operator testified that he was at his post; that the plaintiff disobeyed instructions in not using the hand rails and foot brakes, and as a result, when the brake was applied, she slid forward and her foot protruded over the front of the sleigh, and that thereupon, in order to prevent an accident, he applied the brakes abruptly. We think this divergence of fact presented a jury question, and that the verdict is not against the weight of the evidence.

It is also urged that the verdict of $18,000 in favor of the wife is excessive. The accident happened on July 20th, 1922, and the trial on May 25th, 1926. Mrs. Demarest was forty-two years of age at the time of the accident, and the mother of two children, aged eight years and twelve years. She sustained fractures of the seventh and eighth ribs and an injury to the sacro-iliac joint, producing a condition of neuritis in the sciatic nerve, for which she was treated for about eighteen months. There is a displacement of a bone at the sacro-iliac joint, which impinges on the sciatic nerve, and is very painful and for which there is no known cure. At the time of the trial the patient was able to walk around the house fairly well, with a tendency to drag her left leg. She was confined to her bed for four or five months; can only walk half a block at a time; still has pains in her back, hip, legs and head; more so in rainy weather, and is able to do but little housework.

It is finally urged that the verdict of $7,000 for the husband is excessive. He expended $1,500, leaving $5,500 for loss of his wife's services and society. In such circumstances the verdict cannot be said to be so grossly excessive as to bring it within the settled legal criticism which avoids a verdict manifestly the result of passion or prejudice. *Bowes* v. *Public Service Railway Co.*, 94 *N. J. L.* 378.

The rule will be discharged.